IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM THROWER,** | **CIVIL ACTION NO. 1:11-CV-1663** |
| **Plaintiff** | (Judge Conner) |
| v. | |
| **UNITED STATES OF AMERICA,** *et al.*, | |
| **Defendants** | |

## ORDER

AND NOW, this 19th day of October, 2011, upon consideration of the complaint in this matter, and it appearing that venue is not entirely proper in this district, and that "[t]he test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim,' theoretically a more easily demonstrable circumstance than where a 'claim arose,' " Cottman Transmission Systems, Inc., v. Martino, 36 F.3d 291, 294 (3d Cir. 1994), and it further appearing that there are completely separate and unrelated claims that arose out of plaintiff's incarceration at the United States Penitentiary at McCreary ("USP-McCreary"), which is located in the Eastern District of Kentucky, including, *inter alia*, a slip and fall claim while working in the kitchen at USP-McCreary, excessive use of force during a transport by USP-McCreary employees, a claim that USP-McCreary employees failed to protect him from an assault by his cellmate, and a retaliatory transfer to the United States Penitentiary at Lewisburg ("USP-Lewisburg") without a "pre-SMU hearing" claim,

and that where venue is improper, 28 U.S.C. § 1406(a) provides that "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought," it is hereby ORDERED that:

1. Plaintiff's motions (Docs. 7, 10) for leave to proceed without full prepayment of fees and costs are GRANTED.

2. Any and all claims involving events that took place while plaintiff was incarcerated at USP-McCreary including, *inter alia*, the claim that he slipped and fell while working in the kitchen at USP-McCreary, the claim that he experienced excessive use of force during a transport by USP-McCreary employees, his claim that USP-McCreary employees failed to protect him from an assault by his cellmate, and the retaliatory transfer to the USP- Lewisburg without a pre-SMU hearing claim (Doc. 1) are SEVERED from this action and TRANSFERRED to the United States District Court for the Eastern District of Kentucky. See 28 U.S.C. § 1406(a).

3. This Court will RETAIN jurisdiction of the claims that USP-Lewisburg employees knowingly placed him in a cell with a dangerous inmate and that he received negligent medical care during his incarceration at USP-Lewisburg.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge