**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM THROWER,** | : | **CIVIL ACTION NO. 1:11-CV-1663** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| *et al.,* | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

William Thrower ("Thrower" or "plaintiff"), an inmate formerly housed at

the United States Penitentiary at Lewisburg ("USP Lewisburg"), Pennsylvania,

filed a complaint alleging a <u>Bivens</u>[1] claim, 28 U.S.C. § 1331, and a Federal Tort

Claim Act ("FTCA") claim, 28 U.S.C. § 1346(b). (Doc. 1.) Named as defendants are

the United States, the Bureau of Prisons, the Warden of USP Lewisburg, and "EMS

Medical Team ."[2] Presently pending is the motion to dismiss  pursuant to Federal

Rule of Civil Procedure 12(b) or, in the alternative, motion for summary judgment

pursuant to Federal Rule of Civil Procedure 56 (Doc. 41) filed on behalf of the

---

[1] <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

[2] Still appearing on the docket sheet as a named defendant is the Warden of USP McCreary. The Clerk of Court will be directed to terminate this defendant as the claim against him was transferred to the United States District Court for the Eastern District of Kentucky. (Doc. 13).

United States, Bureau of Prisons, Warden of USP Lewisburg, and EMS Medical Team.  The motion will be granted as set forth below.

On June 12, 2012, Civil No. 1:12-CV-1034 was consolidated with this action (Doc. 68), which brought the addition of the "U.S. Bureau of Prisons" ("BOP") as a defendant.  (See Doc. 7, Amended Complaint, Civil No. 1:12-cv-1034).  This defendant will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I.   Dismissal Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)

### A.   Standards of Review

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ."  28 U.S.C. §1915(e)(2)(B)(ii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most  favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d

Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 556 U.S. at 678; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 556 U.S. at 678]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id. at 679] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [556 U.S. at 679]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.     Discussion**

A Bivens claim is an implied right of action allowing plaintiffs to sue federal agents acting under color of federal authority for civil rights violations.  It is analogous to its statutory cousin, 42 U.S.C. § 1983[3], which allows federal suits of state agents who commit civil rights violations while acting under color of state law. The required elements of a Bivens claim are (1) the conduct complained of was a person acting under color of law, and (2) the conduct deprived that person of a right, privilege, or immunity secured by the Constitution.  See, e.g., Grohman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (describing elements of a § 1983 claim).

"[A] Bivens action does not lie against either agencies or officials in their official capacity."  Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002).  This is so because a suit against a federal agency or a federal official in his or her official capacity is a

---

[3]Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

suit against the United States.  See Will v. Michigan Dep't of State Police, 491 U.S.

58, 61 (1989).  As a sovereign, the United States is immune from suit except when it

consents to abrogate that immunity.  The immunity is jurisdictional in nature.

FDIC v. Meyer, 510 U.S. 471, 475 (1994).  In light of the fact that the BOP is not a

"person" within a meaning of a civil suit asserting jurisdiction under Bivens, the

claims against the BOP will be dismissed, with prejudice.

## II.    Motion for Summary Judgment

### A.    Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, the movant is entitled

to summary judgment if it "shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  FED. R.

CIV. P. 56(a).  In pertinent part, parties moving for, or opposing, summary judgment

must support their position by "citing to particular parts of materials in the record,

including depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only),

admissions, interrogatory answers, or other materials."  FED. R. CIV. P. 56(c)(1)(A).

"The evidence of the non-movant is to be believed, and all justifiable inferences are

to be drawn in his favor."  Colwell v. Rite-Aid Corp., 602 F.3d 495, 501 (3d Cir. 2010)

(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

**B.     Statement of Facts**

Thrower arrived at USP Lewisburg on April 15, 2009.  (Doc. 43, ¶ 24; Doc. 50, ¶ 24.)  Upon his arrival, he was placed in a cell with another inmate.  (Doc. 43, ¶ 25; Doc. 50, ¶ 25.)  On April 17, 2009, staff observed Thrower sitting on the floor of the cell holding his head in his hands.  (Id.)  At that time, Thrower's cellmate began screaming to remove Thrower from their cell. (Doc. 43, ¶ 26; Doc. 50, ¶ 26.) Thrower's cellmate aggressively advanced toward staff which prompted a call for assistance.  (Doc. 43, ¶ 27; Doc. 50, ¶ 27.)  A two-second burst of MD-09 streamer was dispersed in an attempt to quell Thrower's cellmate.  (Doc. 43, ¶ 28; Doc. 50, ¶ 28.) The cellmate eventually submitted to hand restraints, but then kicked and kneed Thrower in the head and face, necessitating another two-second burst of MK-09. (Doc. 43, ¶ 29; Doc. 50, ¶ 29.)  Both inmates were removed from the cell and Thrower was transported to the outside hospital, where he required emergency surgery as a result of his injuries.  (Doc. 43, ¶ 30; Doc. 50, ¶ 30.)  Prior to housing Thrower with the assailant, there was no indication or documentation indicating a separation concern.  (Doc. 43, ¶ 31.)  Thrower contends that "the BOP should have known of the danger plaintiff was in."  (Doc. 50, ¶ 31.)

1.     <u>Bivens Claim</u>

The Federal Bureau of Prisons ("BOP") has an administrative remedy procedure through which inmates can seek formal review of an issue relating to any aspect of his or her confinement.  (Doc. 43, ¶¶ 1, 2, citing 28 C.F.R. § 542.10; Doc. 50, ¶ 1.)  "If an inmate raises an issue in a request or appeal that cannot be resolved

through the Administrative Remedy Program, the BOP will refer the inmate to the appropriate statutorily-mandated procedures." (Doc. 43, ¶ 3, citing  28 C.F.R. § 542.10(c); Doc. 50, ¶ 3.)  In order to exhaust appeals under the administrative review procedure, an inmate must first informally present his complaint to staff, and staff is to attempt to resolve the matter.  (Doc. 43, ¶ 4, citing 28 C.F.R. § 542.13(a); Doc. 50, ¶ 4.)  If the informal resolution is unsuccessful, then the inmate must execute the appropriate form to bring the matter to the attention of the warden.  (Doc. 43, ¶ 5; Doc. 50, ¶ 5.)  The warden is then to respond to the inmate's complaint within twenty calendar days.  (Doc. 43, ¶ 6, citing 28 C.F.R. § 542.18; Doc. 50, ¶6.)  If the inmate is dissatisfied with the warden's response, he may then appeal to the Regional Director within twenty calendar days.  (Doc. 43, ¶ 7, citing 28 C.F.R. § 542.15(a); Doc. 50, ¶ 7.)  If the response of the Regional Director is not satisfactory, the inmate may then appeal to the BOP's Central Office within thirty calendar days, which office is the final administrative appeal level in the BOP.  (Doc. 43, ¶ 8; Doc. 50, ¶ 8.)  An exception is made for appeals of Discipline Hearing Officer (DHO) decisions, which are first raised directly to the regional office level and then to the central office level.  (Doc. 43, ¶ 9, citing 28 C.F.R. § 542.14 (d)(2); Doc. 50, ¶ 9.)  No administrative  appeal is considered to have been fully exhausted until rejected by the BOP Central Office.  (Doc. 43, ¶ 10, citing 28 C.F.R. § 542.)     In the ordinary course of business, computerized indices are kept of requests for administrative review filed by inmates.  (Doc. 43, ¶ 11.)  On December 15, 2011, a search of BOP records was conducted to determine whether Thrower exhausted that

8

administrative process as to each of his claims.  (Id. at ¶ 14.)   This review revealed

that since Thrower has been in BOP custody, he has filed 251 requests seeking

administrative relief.  (Doc. 43, ¶ 15; Doc. 50, ¶ 15.)  Of those 251 administrative

requests for relief, none of them pertain to the issues of a dangerous cellmate.  (Doc.

43, ¶ 16.)  Plaintiff claims that he filed "an administrative remedy about leaving an

intoxicated inmate placed in his cell that assaulted plaintiff (see Remedy # 531666

R-1)."  (Doc. 50, ¶ 16.)

> 2.   FTCA claims

The filing of an administrative tort claim with the appropriate federal agency

is a jurisdictional prerequisite to bringing a civil action against the United States for

damages for the negligence or wrongful act of any employee of the United States.

(Doc. 43, ¶ 17, citing 28 U.S.C. § 2675(a); Doc. 50, ¶ 17.)  An administrative claim

must be presented to the appropriate federal agency employing the person whose

act or omission caused the injury, and have been finally denied by the agency in

writing.  (Doc. 43, ¶ 18 citing 28 U.S.C. § 2675(a); Doc. 50, ¶ 18.)  Federal tort claim

actions must be filed in federal district court within six months of the date of

mailing of notice of final denial of the claim by the agency to which it was

presented.  (Doc. 43, ¶ 20, citing 28 U.S.C. § 2401(b); Doc. 50, ¶ 20.)

Records show that Thrower filed an administrative tort claim, which was

received by the Northeast Regional Office on July 26, 2010. (Doc. 43, ¶ 22; Doc. 50, ¶

22.)  Therein, he claimed that he was assaulted and he woke up in the hospital

approximately six weeks later.  (Doc. 42-1, at 7; Doc. 50-1, at 36.)  On January 21,

2011, a  Memorandum was issued by BOP Regional Counsel stating, in pertinent

part, as follows:

> Your Administrative Tort Claim No. TRT-NER-2010-06706, properly
> received by the United States on July 26, 2010, has been considered for
> settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C.
> 2672, under authority delegated to me by 28 C.F.R. 543.30. . . .
> Specifically, you claim you were assaulted by another inmate at USP
> Lewisburg.  You do not make any claims regarding the medical care
> received following the alleged incident.
>
> After careful review of this claim, I have decided not to offer a settlement.
> Investigation reveals staff responded promptly and provided emergency
> care.  There were no documented issues suggesting a separation concern
> between you and your cellmate.  There is no evidence to suggest you
> experienced a compensable loss as the result of negligence on the part of
> any Bureau of Prisons employee.  Accordingly, your claim is denied.

(Doc. 50-1, at 38.)

Subsequent to the filing of the July 26, 2010, tort claim form, plaintiff filed

"an amendment to claim # TRT-NER 2010-06076," which was received on June 24,

2011, and considered as a request for reconsideration of regional counsel's January

21, 2011 decision.  (Doc. 50-1, at 37, 39.)  Regional counsel resolved the claim as

follows: "You seek compensatory damages in the amount of $100,000.00 for an

alleged personal injury.  Specifically, you claim you were assaulted by another

inmate at USP Lewisburg.  You do not make any claims regarding the medical care

received following the alleged incident.  After careful reconsideration, the

additional information you provided does not support that you experienced a

compensable loss as the result of the negligence on the part of any Bureau of

Prisons employee.  Therefore, your request for reconsideration is denied."  (Id. at 37.)[4]

## C.    Discussion

### 1.    Bivens Claim

Defendants move for summary judgment on the ground that Thrower failed to exhaust available administrative avenues with respect to the failure to protect claim.  Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions.  See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000).  It has been made clear that the exhaustion requirement is mandatory.  See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same).  This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

---

[4]Also attached to plaintiff's statement of material facts is an acknowledgment of receipt of plaintiff's administrative tort claim form for personal injury suffered at USP Lewisburg on or about November 29, 2010.  (Doc. 50-1, at 40.)  This tort claim form is irrelevant to this litigation.  The injury for which Thrower seeks relief occurred on April 17, 2009.

Since Thrower has been in BOP custody, he has filed 251 requests seeking administrative relief.  Not one of those requests pertains to the issue of a dangerous cellmate.  (Doc. 43, ¶ 16.)  Thrower states that he sought administrative review of his placement in a cell with "an intoxicated inmate" who assaulted him *via* "Remedy #531366 R-1."  (Doc. 50, ¶ 16.)  However, he fails to attach a copy of this request as an exhibit, and it is not among the 251 requests for which the BOP has a record.

In an attempt to excuse the exhaustion requirement, he argues that "he has attempted to acquire information as to what occured [sic] (see ex # 4), and he has been obstructed, hindered, delayed, prevented and mislead [sic] in violation of . . . 42 U.S.C. § 1997 as to what occured [sic] so he could exhaust his remedies."  (Doc. 53, at 5.)  Courts have invariably held that affirmative misconduct by prison officials, designed to impede or prevent an inmate's attempts to exhaust, may render administrative remedies unavailable.  See Todd v. Benning, 173 F. App'x 980, 982-83 (3d Cir.2006) (expressing approval of Eighth Circuit's holding in Miller v. Norris, 247 F.3d 736 (8th Cir. 2001) that administrative remedies were not available where prison officials "purportedly prevented prisoner from employing the prison's grievance system").  Examples of affirmative misconduct on the part of prison officials include: (1) threatening a prisoner in an attempt to thwart the prisoner's attempts to exhaust, see Harcum v. Shaffer, No. 06-5326, 2007 WL 4167161, at *5 (E.D.Pa. Nov.21, 2007) (finding administrative remedies unavailable where prison officials threatened plaintiff with "opposition to his future prerelease application, parole, or outside work detail if he did not withdraw his grievance"), (2) refusing to

12

provide appropriate grievance forms in response to inmate inquiries, <u>see</u> <u>Mitchell v.</u>
<u>Horn</u>, 318 F3d 523, 529 (3d Cir. 2003), (3) advising an inmate that his or her situation
does not require a grievance, <u>see</u> <u>Brown v. Croak</u>, 312 F.3d 109, 111 (3d Cir. 2002)
(finding that administrative remedies were unavailable to plaintiff who had been
advised by prison official that he must wait until the end of the prison's
investigation before filing a grievance), and (4) failing to file or respond to a
prisoner's grievances, <u>see</u> <u>Camp v. Brennan</u>, 219 F.3d 279, 280-81 (3d Cir. 2000)
(finding that administrative remedies were unavailable where prison officials
refused to file plaintiff's grievances regarding their coworkers).

The documents upon which plaintiff relies in support of his argument
demonstrate that he requested, through the administrative review process, and by
filing a Freedom of information Act request, any existing records, copies of incident
reports, or complaints about the April 17, 2009 incident.  (Doc. 53-2, at 21-25; Doc.
53-3, 1.)  Thorough searches located only a one-page document that was responsive
to his requests, and he was provided a copy of the document without excision.
(Doc. 53-2, at 21, 23; Doc. 53-3, at 4.)  While these documents confirm that plaintiff
sought to obtain additional information about the April 2009, incident, they do not
demonstrate, or even suggest, that defendants engaged in any affirmative
misconduct such that they obstructed, hindered, delayed or prevented plaintiff
from pursuing administrative relief.  <u>Banks v. Roberts</u>, No. 1:06-CV-1232, 2007 WL
1574771, at *5 (M.D. Pa. May, 31, 2007) (holding that while the plaintiff alleged that
the defendants "obstructed" his efforts to pursue administrative remedies by

refusing to provide proper forms and instructing others not to provide the necessary forms, the grievance process was available to him, and therefore, plaintiff's claim was procedurally defaulted for failure to comply with the process); Nyhuis, 204 F.3d at 71 (stating that there is no futility exception to the exhaustion requirement under any circumstances).

Nor is there any merit to plaintiff's contention that he was never made aware of how to utilize the administrative remedy process.  (Doc. 53, at 10.)  Where a grievance procedure is set forth in an inmate handbook, as is the case here (Doc. 53-1, at 4), a prisoner is required to avail himself of those administrative remedies in order to satisfy the mandatory exhaustion requirement of the PLRA.  Concepcion v. Morton, 306 F.3d 1347, 1354-55 (3rd Cir. 2002) (reversing the district court's decision and directing dismissal of state court prisoner's complaint for failure to exhaust administrative remedies pursuant to § 1997e(a) despite the fact that inmate handbook had not been formerly adopted by New Jersey Department of Corrections).

A party opposing summary judgment must come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas, 331 F. Supp. 2d at 315; FED. R. CIV. P. 56(e).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e).  Thrower has failed to meet his burden with respect to

14

the administrative exhaustion of his <u>Bivens</u> failure to protect claim.  Based on the

foregoing, defendants are entitled to an entry of summary judgment on this claim

    2. <u>FTCA claims</u>

  Section 1346(b) grants the federal district courts jurisdiction over a certain

category of claims for which the United States has waived its sovereign immunity

and "render[ed]" itself liable.  <u>Richards v. United States</u>, 369 U.S. 1, 6 (1962).  The

FTCA is among the category of claims.

  "The FTCA contains a jurisdictional exhaustion component."  <u>Rosario v.</u>

<u>American Export-Isbrandtsen Lines, Inc.</u>, 531 F.2d 1227, 1231 (3d Cir. 1976).

Specifically, federal courts cannot assume jurisdiction over FTCA claims until:  (1)

the plaintiff has initially presented the claim to the appropriate federal agency

within two years of the date the claim accrues; and (2) the agency has either denied

the claim or failed to make a final disposition within six months of the plaintiff's

presentation of the claim.  28 U.S.C. § 2675(a); <u>see</u> <u>also</u> <u>White–Squire v. U.S. Postal</u>

<u>Serv.</u>, 592 F.3d 453, 457 (3d Cir.2010); <u>see</u> <u>McNeil v. United States</u>, 508 U.S. 106, 112

(1993) ("The FTCA bars claimants from bringing suit in federal court until they

have exhausted their administrative remedies.").  If the agency does not act within

six months, the failure to issue a decision may be treated as a final decision by the

claimant.  <u>See</u> <u>id.</u>

  In both his FTCA administrative claim forms, Thrower raised the issue of the

assault by his cellmate.  (Doc. 50-1, at 36, 39.)  And, despite defendant's contention

to the contrary, the assault by the cellmate, and the BOP'S failure to protect him

from that assault, were clearly considered by BOP's regional counsel.  Specifically,

regional counsel stated that the "[i]nvestigation reveals staff responded promptly

and provided emergency care.  There were no documented issues suggesting a

separation concern between you and your cellmate.  There is no evidence to suggest

you experienced a compensable loss as the result of negligence on the part of any

Bureau of Prisons employee.  Accordingly your claim is denied."  (Doc. 50-1, at 38.)

Clearly, the negligent failure to protect claim is fully exhausted.

Conversely, Thrower did not raise the issue of medical negligence to any

appropriate federal agency.  In fact, the response from BOP's regional counsel

specifically states "[y]ou do not make any claims regarding the medical care

received following the alleged incident."  (Doc. 50-1, at 38.)  The United States is

therefore entitled to an entry of judgment with respect to this claim.

## III.   **Motion to Dismiss**[5]

The FTCA failure to protect claim is the only remaining claim.  The United

States seek dismissal on the ground that the claim is barred by the discretionary

function exception to the FTCA.  (Doc. 42, at 7, 14-18.)

Under the FTCA, sovereign immunity has been waived, in limited

circumstances, for claims for money damages against the United States for injury

or loss of property caused by the negligent or wrongful act or omission of a federal

employee.  28 U.S.C. § 2671, *et seq.*  A person may sue under the FTCA to recover

---

[5]The applicable standard of review is found at Section I.A, supra.

16

damages from the United States for personal injuries sustained during confinement in a federal prison by reason of the negligence of a government employee. <u>United States v. Muniz</u>, 374 U.S. 150 (1963). In considering an FTCA claim, the law of the place where an act or omission occurs is to be applied. 28 U.S.C. § 1346(b). Because USP Lewisburg is in Pennsylvania, Pennsylvania law applies. Under Pennsylvania law, a plaintiff must prove the following elements to establish a prima facie claim for negligence: "(1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the harm in question; and (4) the plaintiff incurred actual loss or damage." <u>Krentz v. Consol. Rail Corp.</u>, 589 Pa. 576, 910 A.2d 20, 27 (Pa. 2006).

Because sovereign immunity can only be waived by the sovereignty, the circumstances of its waiver must be observed scrupulously, and not expanded by the courts. <u>Suarez v. United States</u>, 22 F.3d 1064, 1065 (11th Cir. 1994). Defendant argues that Thrower's FTCA claim is barred by the discretionary function exception, an important limitation on the FTCA's waiver of sovereign immunity codified at 28 U.S.C. § 2680(a). There Congress provided that the provisions of the FTCA shall not apply to: "[a]ny claim . . . based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). This limitation was imposed "to protect certain important governmental functions and prerogatives from disruption," <u>Molzof v. United States</u>, 502 U.S. 301, 311 (1992), and "to prevent judicial 'second

17

guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort," United States v. Varig Airlines, 467 U.S. 797, 814 (1994); accord United States v. Gaubert, 499 U.S. 315, 323 (1991). This exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." Varig Airlines, 467 U.S. at 808; accord Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988). Because of this and other limits, the FTCA provides no assurance that persons injured by federal employees will be compensated. Dalehite v. United States, 346 U.S. 15, 17 (1953).

"Although a plaintiff bears the burden of demonstrating that his claims fall within the scope of the FTCA's waiver of the federal government's sovereign immunity (i.e., that the requirements of 28 U.S.C. § 1346(b)(1) are met), the Government has the burden of proving the applicability of the discretionary function exception." S.R.P. v. United States, 676 F.3d 329, 333 (3d Cir. 2012) (citing Merando v. United States, 517 F.3d 160, 164 (3d Cir. 2008)). As a threshhold matter, before determining whether the discretionary function exception applies, a court must identify the conduct at issue. Merando, 517 F.3d at 165. Courts then apply a two-part test to determine whether the discretionary function exception bars suits against the United States. See Gaubert, 499 U.S. at 323; Berkovitz, 486 U.S. at 536; Varig Airlines, 467 U.S. at 814; Dalehite, 346 U.S. at 17. The Third Circuit sets forth this two-part test as follows:

Courts make two-part inquiries to determine whether the discretionary function applies in any particular case. United States v. Gaubert, 499 U.S. 315, 322–23, 111 S.Ct. 1267, 1273–74, 113 L.Ed.2d 335 (1991). First, a court must determine whether the act giving rise to the alleged injury and thus the suit involves an "element of judgment or choice." Id. at 322, 111 S.Ct. at 1273 (quoting Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988)). "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically proscribes a course of action for an employee to follow', because 'the employee has no rightful option but to adhere to the directive.' " Id. (quoting Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1958–59); see also Mitchell v. United States, 225 F.3d at 363; Cestonaro, 211 F.3d at 753.

. . .

Second, even if the challenged conduct involves an element of judgment, the court must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield." Id. at 322–23, 111 S.Ct. at 1273.

> Because the purpose of the exception is to prevent judicial "second guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort, when properly construed, the exception protects only governmental actions and decisions based on considerations of public policy. Id. (internal quotation marks and citations omitted). The "focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by the statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Id. at 325, 111 S.Ct. at 1275; see also Mitchell, 225 F.3d at 363–64; Cestonaro, 211 F.3d at 753; Sea–Land Serv., Inc. v. United States, 919 F.2d 888, 892 (3d Cir.1990).

Id. (internal quotation marks and citation s omitted).

19

Merando, 517 F.3d at 164–65.  If the challenged acts and omissions conceivably involve policy considerations and are discretionary in nature, they are immune from suit under the FTCA.  See id.; Gaubert, 499 U.S. at 322–25.

The BOP conduct at issue in this case—the alleged failure to protect Thrower from his assailant—is governed by a federal statute which requires the BOP to provide for the "protection" and "safekeeping" of inmates in its care.  See 18 U.S.C. § 4042(a)(2), (3).  This statute leaves the implementation of these duties to the discretion of prison officials and "how best to protect one inmate from the threat of attack by another is of the kind that the discretionary function exception was designed to shield."  Donaldson v. United States, 281 F. App'x 75, 76-78 (3d Cir. 2008); see also Rinaldi v. U.S., 460 F.App'x 80 (3d Cir. 2012).  There is no federal statute, regulation or policy that requires the BOP to take a particular course of action to ensure an inmate's safety from attacks by other inmates.  Rinaldi, 460 F. App'x at 81.

Courts within this circuit and others have uniformly held that federal prisoners' FTCA claims for injuries by fellow inmates are barred by the discretionary function exception.  See Rinaldi, 460 F. App'x at 82 (collecting cases). The above demonstrates that measures taken by BOP officials with respect to inmate safety from attacks by other inmates involve an element of judgment or choice.  "[E]ven if § 4042(a) imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception."  Cohen v. United States,

151 F.3d 1338, 1342 (11th Cir. 1998).  As to the second prong, as noted *supra*, a

judgment as to how best to protect one prisoner from attack by another is of the

kind that the discretionary function exception was designed to shield.  <u>Mitchell</u>, 225

F.3d at 363; <u>see</u>, <u>e.g.</u>, <u>Bell v. Wolfish</u>, 441 U.S. 520, 547–48 (1979) (holding that prison

administrators should be afforded wide-ranging deference in implementing and

executing policies because discretion is needed to preserve internal discipline and

maintain institutional security); <u>Whitley v. Albers</u>, 475 U.S. 312, 321–22 (1986)

(prison officials have discretionary power over the safety of the institutions they

operate).

Because both prongs of the two-part test are satisfied, Thrower's negligent

failure to protect claim is barred by the discretionary function exception to the

FTCA.  Thus, defendant's motion to dismiss will be granted based on Thrower's

failure to state a claim.[6]  Further, because the essential allegations of the complaint

fail to state a claim upon which relief may be granted, further amendment would be

futile.

---

[6]Because this conclusion is dispositive of the FTCA claim, and the <u>Bivens</u> claims have been disposed of through summary judgment, the Court declines to address the remaining issues contained in the motion to dismiss.

**IV.**   <u>**Conclusion**</u>

Based on the foregoing, defendant's motion to dismiss or, in the alternative,

motion for summary judgment will be granted in part and denied in part.  An

appropriate order follows.



   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        August 23, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM THROWER,** | : | **CIVIL ACTION NO. 1:11-CV-1663** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 23rd day of August, 2012, upon consideration of defendants'

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) or, in the

alternative, motion for summary judgment pursuant to Federal Rule of Civil

Procedure 56(b) (Doc. 41), and in accordance with the accompanying

memorandum, it is hereby ORDERED that:

1.  The claims against the "U.S. Bureau of Prisons" and "Bureau of Prisons" are DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2.  The motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) or, in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b) (Doc. 41), is granted in part and denied in part.

3.  The motion for summary judgment is GRANTED with respect to the Bivens failure to protect claim against the Warden of USP Lewisburg, and the FTCA negligent medical care claim against the EMS Medical Team.  The Clerk of Court is directed to ENTER judgment in favor of these defendants and against plaintiff.

4.      The motion for summary judgment is DENIED with respect to the
        FTCA negligent failure to protect claim against the United States.

5.      The motion to dismiss is GRANTED with respect to the FTCA
        negligent failure to protect claim against the United States.  The FTCA
        negligent failure to protect claim is DISMISSED in its entirety.

6.      The Clerk of Court is directed to TERMINATE the Warden of USP
        McCreary as a defendant as the claim against him was transferred to
        the United States District Court for the Eastern District of Kentucky.
        (Doc. 13).

7.      The Clerk of Court is directed to CLOSE this case.

8.      Any appeal from this order is DEEMED frivolous and not in good faith.
        See 28 U.S.C. § 1915(a)(3).




                               S/ Christopher C. Conner
                               CHRISTOPHER C. CONNER
                               United States District Judge