# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM THROWER**, | : | CIVIL ACTION NO. 1:11-CV-1663 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA**, *et al.*, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 5th day of November, 2012, upon consideration of plaintiff's motion for reconsideration (Doc. 76) of this court's Order of August 24, 2012 (Doc. 72), granting, *inter alia*, defendants' motion for summary judgment on the ground that plaintiff failed to demonstrate that he administratively exhausted his Bivens failure to protect claim and his medical negligence FTCA claim, and it appearing that plaintiff fails to demonstrate one of three major grounds for reconsideration ((1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'")), North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (collecting cases); see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more

than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), but, rather, reargues matters already argued and disposed of by the Court[1], it is hereby ORDERED that plaintiff's motion (Doc. 76) is DENIED.  It is further ORDERED that plaintiff's motion (Doc. 82) for an extension of time to file a reply to defendants' brief in opposition to the motion for reconsideration is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Plaintiff simply disagrees with the disposition of the issue of administrative exhaustion of his Bivens failure to protect claim and his medical negligence FTCA claim.  (Doc. 77, 4-8.)